# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Helena Munson,

        Plaintiff,

v.

Commissioner of Social Security,

        Defendant.

Case No. 18-10850

Judith E. Levy
United States District Judge

Mag. Judge David R. Grand

_____/

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [24] AND DENYING PLAINTIFF'S OBJECTIONS [28]

Before the Court is Magistrate Judge David R. Grand's Report and Recommendation ("R&R") (ECF No. 24) recommending that the Court grant Defendant Commissioner of Social Security's (the "Government") motion for summary judgment (ECF No. 23), deny Plaintiff Helena Munson's motion for summary judgment (ECF No. 21), and affirm the Administrative Law Judge's ("ALJ") decision. Munson submitted four objections to the R&R (ECF No. 28), and the Government responded. (ECF No. 31.) For the reasons set forth below, Munson's objections are overruled, and the R&R is adopted in full.

## I. Background

The Court has carefully reviewed the R&R and is satisfied that it is a thorough account of the relevant portions of the record. The factual and procedural background from the R&R are incorporated as if fully set forth herein.

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to specify the part of the order, proposed findings, recommendations, or report to which [the party] objects and to state the basis for the objection." *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018) (internal citations omitted). Objections that restate arguments already presented to a magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that

dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, Munson's objections must be adequately clear and specific so that the Court can squarely address them on the merits. *See Pearce*, 893 F. 3d at 346.

The Supreme Court recently addressed the standard the district court must apply when conducting its de novo review. In *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), the Court explained that the phrase "substantial evidence" is a "term of art." *Id.* (internal citations omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* (internal citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high.

3

Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (internal citations omitted). Specifically, "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (internal citations omitted).

### III. Analysis

#### A. Objection 1

In her first objection, Munson argues that "[t]he Magistrate Judge incorrectly stated that plaintiff challenges the ALJ's finding that she engaged in SGA [Substantial Gainful Activity] in 2011." (ECF No. 28, PageID.1663 (citation omitted).) The applicable regulation provides that a disability is determined through the application of a five-step sequential analysis. *See* 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). In step one, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity ("SGA"). *Id.*; *and see Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528 (6th Cir. 2001) (citing 20 C.F.R. § 404.1520).

As set forth in the R&R, this case has a lengthy procedural history and has resulted in four ALJ hearings. The first was before ALJ Daniel Dadabo, the second and third were before ALJ Richard Sasena, and the most recent was before ALJ Anthony Smereka. (Tr. 69–80; 620; 1340;

4

1365–1417.) In Munson's motion for summary judgment, she addresses decisions from ALJ Dadabo and ALJ Sanesa, who both found that Munson did not engage in SGA during the relevant time period. (ECF No. 21, PageID.1566.) She contrasts these rulings with ALJ Smereka's finding that she did engage in SGA during the relevant time period. (*Id*.)

In essence, Munson argues that the Magistrate Judge was incorrect in his interpretation of the issues presented in her memorandum in support of her motion for summary judgment. Yet, she does not appear to seek de novo review by this Court—indeed, she did not want this issue analyzed by the Magistrate Judge in the first place.

The relief sought by Munson regarding SGA is vague and the Magistrate Judge's interpretation of her motion for summary judgment was reasonable. Thus, Munson's first objection is overruled.

### B. Objection 2

Munson's second objection is also vague. She states, "[t]he Magistrate Judge erred in apparently agreeing with the ALJ and the Magistrate Judge that Helena Munson's mental impairment did not meet the criteria of Listing 12.05(b)." (ECF No. 28, PageID.1666.) It is unclear

5

which issues regarding her second objection Munson wants the Court to address, and which issues were set forth merely as background.

Regardless, the Court understands Munson's second objection as arguing that ALJ Smereka should have found that she met the Social Security Administration's criteria for listed impairment 12.05(B) ("Listing 12.05(B)") for an intellectual disorder. This is essentially the same argument Munson made before the Magistrate Judge in her motion for summary judgment, and she does not point to a legal error that warrants review. *See Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Miller*, 50 F.3d at 380. Accordingly, Munson's second objection is overruled as an improper objection.

Even so, the Magistrate Judge correctly found that ALJ Smereka's decision regarding Listing 12.05(B) is supported by substantial evidence. For a claimant to meet the criteria of Listing 12.05(B), she must demonstrate the following:

> 1. Significantly subaverage general intellectual functioning evidenced by . . . :
>   a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; . . . and

2. Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
   a. Understand, remember, or apply information (see 12.00E1); or
   b. Interact with others (see 12.00E2); or
   c. Concentrate, persist, or maintain pace (see 12.00E3); or
   d. Adapt or manage oneself (see 12.00E4); and

3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

20 C.F.R. Pt. 404, Subpt. P. App. 1, § 12.05(B).

ALJ Smereka found that Munson met the first criteria for Listing 12.05(B). He ruled that "there are IQ scores that fall within the range required by the listing."[1] (Tr. 571.) However, he found that she did not meet either the second or third criteria. (*Id.*)

In making his decision, ALJ Smereka thoroughly analyzed the evidence, including Munson's school records, which indicate that she was "socially promoted," but the records did not provide "any additional evidence that she was functioning in the range required by listing 12.05."

---

[1] This ruling was favorable to Munson despite ALJ Smereka's comment that "[i]t is uncontroverted that the clamant has a cognitive disorder; however, her level of functioning throughout her adult life indicates someone who is functioning at a higher level than the IQ scores indicate." (Tr. 569.)

7

(Tr. 571.) He also pointed to Munson's ability to "raise children and grandchildren, hold employment, and live independently" as indicators that she did not suffer from the diminished degree of adaptive functioning or extreme limitations required for Listing 12.05(B) to apply. (*Id.*)

ALJ Smereka considered a 2005 opinion of Dr. Rom Kriauciunas, a state agency consultant, where he indicated that Munson's "vocational and interpersonal history reflects higher cognitive functioning within the measured IQ scores." (*Id.*) He also addressed the testimony of Dr. Kent Layton, a medical expert witness, who testified at the hearing that Munson suffers from dyslexia, an affective disorder, and a cognitive disorder. Dr. Layton opined that Munson did not meet the listing of 12.05. (Tr. 1371.) ALJ Smereka gave "great weight" to Dr. Kriauciunas and Dr. Kent Layton's opinions. (Tr. 571.)

He also evaluated Munson's credibility during her testimony at the hearing and found that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the evidence." (Tr. 572.) Accordingly, ALJ Smereka's

decision that Munson does not meet Listing 12.05(B) is supported by substantial evidence.

Munson argues that ALJ Smereka should have addressed "other opinions, which were favorable and consistent with the opinion of Dr. Elaine Tripi" such as the opinion of Dr. Nicholas J. Bodoin, which she argues would support a finding that she meets the criteria of Listing 12.05(B). (ECF No. 28, PageID.1667.) Dr. Bodin evaluated Munson in 2005, and noted that she "displays moderate to severe impairment with regard to all assessed cognitive skills." (Tr. 428.) But there is no requirement that either the ALJ or this Court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal quotations omitted). If the ALJ's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)

(internal citations omitted). Accordingly, Munson's objection has no merit.

### C. Objection 3

Munson's third objection regards her explanation as to why she did not seek mental health treatment before her last insured date. (ECF No. 28.) This objection boils down to a disagreement with the ALJ's credibility ruling. ALJ Smereka's decision is as follows:

> Regarding the claimant's failure to seek treatment for her mental health conditions, I find no good cause for the claimant not to have pursued treatment prior to her date last insured. She testified that she was covered by health insurance while she was working as a [certified assistant nurse] CAN and subsequently covered by the State of Michigan Medicaid program since 2000. Her testimony that she did not know she had a problem and did not know where to get help is given little weight as the claimant has proven not reliable on so many other issues.

(Tr. 570.)

The ALJ's credibility ruling will not be overturned. When a court evaluates whether substantial evidence supports the ALJ's decision, the court does "not try the case de novo, resolve conflicts in evidence *or decide questions of credibility*." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (emphasis added). As the Sixth Circuit has held, "the ALJ's opportunity to observe the demeanor of the claimant 'is invaluable, and

10

should not be discarded lightly.'" *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 538 (6th Cir. 1981) (quoting *Beavers v. Sec'y of Health, Ed. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978)). Thus, an ALJ's credibility determination will not be disturbed "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Munson's disagreement with the ALJ's ruling is not a "compelling reason."

Here, ALJ Smereka provided a detailed, thorough, and fair discussion of the record evidence. He was in the best position to evaluate Munson's credibility after having observed her demeanor at the hearing. His finding that her testimony was "not well supported by the objective medical evidence in the record and therefore is not entitled to controlling weight" will not be disturbed. (Tr. 574.) The ALJ's analysis is supported by substantial evidence, and Munson's objection is overruled.

### D. Objection 4

Munson's fourth objection relates to ALJ Smereka's finding regarding her residual functional capacity ("RFC"). (ECF No. 28, PageID.1690.) An ALJ must make an RFC determination before reaching step four of the five-step sequential analysis for determining whether an individual is disabled. *See* 20 C.F.R. §§404.1520(e); 416.920(e). Here, the

ALJ found, after considering "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," that, "since January 31, 2004, [Munson] has the residual functional capacity to perform sedentary work" with the following restrictions:

> [N]o hazards including work at unprotected heights or around dangerous moving machinery; no climbing of ladders, ropes, or scaffolds; no driving in the course of employment; no more than moderate exposure to dust, fumes, odors, humidity or wetness and no temperature extremes; the ability for but a restriction to unskilled, simple, routine and repetitive work with little or no change in venue or judgment; no work with the general public; no more than occasional contact with supervisors or co-workers; no fast production pace work where the pace is set by others and limited reading ability although she can read a checklist and can learn by demonstration.

(ECF No. 13-5, PageID.611.)

Munson argues that this RFC decision—in particular, that she have no more than moderate exposure to dust, fumes, odors, humidity or wetness and no exposure to temperature extremes—did not properly account for her asthma. Instead, she argues that the ALJ should have concluded that she avoid these conditions entirely. (ECF No. 28, PageID.1691–93.)

Munson made an identical argument in her motion for summary judgment. (ECF No. 21, PageID.1587–88.) Therefore, this is not a proper objection. "The Court is not obligated to reassess the identical arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation." *Pearson v. Comm'r of Soc. Sec.*, No. 15-14031, 2017 U.S. Dist. LEXIS 48379, at *7 (E.D. Mich. Mar. 31, 2017) (citing *Owens*, 2013 WL 1304470, at *3 ("Plaintiff's objections are merely recitations of the identical arguments that were before the magistrate judge. This Court is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations."); *Davis v. Caruso*, No. 07-10115, 2008 WL 540818, at *2 (E.D. Mich. Feb. 25, 2008) (denying an objection to an R&R where Plaintiff "merely rehashes his arguments" made before the Magistrate Judge).

Regardless, a careful review of the record shows that the ALJ's RFC decision was supported by substantial evidence. Munson's medical records indicate a diagnosis of asthma by Dr. Clarence McRipley on October 19, 2004. (Tr. 495.) They also indicate that on April 23, 2005, Dr. Daniel Ross concluded that Munson had asthma "for approximately the

last 13 years." (Tr. 416.) She exhibited "expiratory wheezes on exam." (*Id*.) In his 2005 summary, he notes that "[s]he did smoke for approximately 10 years and quit two years ago." (Tr. 412.) He also noted that her primary limitation due to her asthma is "ambulating long distances." (*Id*.) Another medical consultant, Byong-Du Choi, indicated on May 24, 2005 that she smoked one pack of cigarettes per day for more than 20 years (Tr. 419), and Dr. Choi concluded that she could have unlimited exposure to extreme cold, extreme heat, wetness, and humidity, but to "avoid even moderate exposure" to "fumes, odors, dusts, gases, poor ventilation, etc." (Tr. 421.)

At a July 31, 2009 appointment with Dr. E. Montasir, he indicated that Munson "has significant asthma and apparently it seems to flare up due to infections and certain smells and fumes. The patient reports hospitalizations over 24 hours about once a year, usually two to three days at a time, never had intubation." (Tr. 535.) However, he also noted, "[s]moking also affects her asthma. The patient is on adequate and appropriate treatment." (*Id*.) Dr. Montasir also filled out a medical source statement of ability to do work-related activities form for Munson, and

indicated, "p[atient] [illegible] chr[onic] bronchial asthma affected & can be triggered by humidity[,] fumes[,] odors[,] or cold." (Tr. 540.)

At her hearing before the ALJ on December 3, 2015, Munson testified that she left a job as a certified nursing assistant ("CNA") at Middlefield Hills Health Care because she "got sick" and had bad asthma. (Tr. 1387, 1389.) She testified that she first used a nebulizer around 1992. (Tr. 1389.) She also admitted to smoking a pack to one and a half packs of cigarettes each day for three or four years but stated that she had stopped smoking. (Tr. 1393–94.)

The ALJ considered the evidence in the record including Munson's testimony and the treatment records of Dr. Ross, Dr. Choi, and Dr. McRipley. The ALJ decided that "[w]hile addictive, smoking negates an imposition of working in a totally clean air environment if the claimant can otherwise perform the exertional restrictions of a significant number of jobs." (Tr. 574.) He found that the "location, duration, frequency, and intensity of her alleged symptoms, as well as precipitating and aggravating factors, are adequately addressed and accommodated in the above residual functional capacity." (*Id*.) This conclusion was both

15

reasonable and well-supported by the record. Accordingly, Munson's fourth objection is overruled.

## IV. Conclusion

For the reasons set forth above, Munson's objections (ECF No. 28) are overruled. Accordingly, the Report and Recommendation (ECF No. 24) is **ADOPTED**, the government's motion for summary judgment (ECF No. 23) is **GRANTED**, and Munson's motion for summary judgment (ECF No. 21) is **DENIED**.

IT IS SO ORDERED.

Dated: September 30, 2019  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge